**THEIDA SALAZAR, ESQ.** SBN: 295547
**JONATHAN D. EVANS, ESQ.** SBN: 302887
**SALAZAR EVANS LLP**
117 E. Colorado Boulevard #260
Pasadena, California 91105
P: 626.345.5402
F: 818.436.4009
E: salazar@salazarevanslaw.com
E: evans@salazarevanslaw.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT

| | |
|---|---|
| ANTHONY WHEATON aka SIR JINX, an Individual<br><br>Plaintiff,<br><br>v.<br><br>GRAND HUSTLE RECORDS, LLC, a Foreign Limited Liability Corporation; and DOES 1 through 50, Inclusive,<br><br>HUSTLE. | **Case No.:**<br><br>**COMPLAINT**<br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **CONVERSION;**<br>3. **BREACH OF GOOD FAITH;**<br>4. **UNJUST ENRICHMENT AND**<br>5. **AN ACCOUNTING.**<br><br>JURY TRIAL REQUESTED |

Plaintiff, ANTHONY WHEATON aka SIR JINX, asserts causes of action against Defendant, GRAND HUSTLE RECORDS, LLC and DOES 1 through 50 as follows:

## JURISDICTION AND VENUE

1. This is a civil complaint brought in United States District Court under Federal and California state statutes prohibiting copyright infringement in order to secure protection and redress deprivation of rights under these laws.

2. Plaintiffs' statutory claims arise under including but not limited to 17 U.S.C. § 106.

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1332.

4. This action, also, includes four claims arising out of California state law, which is joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. §1367(a). Plaintiff asserts that he endured copyright infringement from the de.

5. Jurisdiction in this case is also proper pursuant to California Government Code §8315.

6. This Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

7. During the relevant time period, HUSTLE is a Non-Domestic Corporation operating within the County of Los Angles, State of California and employing persons within the State of California.

8. Venue is proper in the District of California pursuant to 28 U.S.C. §1391(b) because the claimed unlawful acts and practices were committed in and arose in the District of California. Further, the venue is, also, proper Code of Civil Procedure §395(a).

9. The amount in controversy in this matter exceeds the sum of $800,000.00, exclusively of interest and costs.

## PARTIES

10. Plaintiff, ANTHONY WHEATON aka SIR JINX ("SIR JINX") is an individual and is now, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

SALAZAR EVANS LLP
117 EAST COLORADO BOULEVARD
PASADENA, CALIFORNIA 91105

11. Defendant GRAND HUSTLE RECORDS, LLC ("HUSTLE") is a Foreign Corporation that supervises, manages, employs and contracts with personnel and musical artists and is now, and at all times mentioned in this Complaint was, an entity that employs and engages in business within Los Angeles County, California.

12. Plaintiff, SIR JINX sues DOES 1 through 50, inclusive, herein under fictitious names. Plaintiff does not know their true names and capacities. When Plaintiff ascertains the DOE HUSTLE ' true names and capacities, Plaintiff will amend this Complaint by inserting their true names and capacities. Plaintiff is informed and believes, and on the basis of that information and belief alleges each Defendant named herein as a DOE acted with the other HUSTLE including fictitious names and is responsible for the damages to Plaintiff herein alleged.

13. Plaintiff is informed and believes, and on the basis of that information and belief alleges each of the HUSTLE sued herein are the agents, servants, employees, licensees, guarantees, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment guaranty, assignment, license, invitation and/or relationship and with the full knowledge and consent of the other.

14. At all relevant times mentioned herein, Defendant HUSTLE aided and abetted the acts and omissions of the other HUSTLE in proximately causing the damages alleged herein.

15. Additionally, Plaintiff SIR JINX submits this Complaint on this day which definitely satisfies the statute of limitation due to failed communication with the HUSTLE. Plaintiff offered HUSTLE time to respond yet HUSTLE have failed to prove redress for numerous years but it became truly clear to him after reaching out SIR JINX realized he was being manipulated with failed promises and statements which failed to procure any of the promised redress thus on July 18, 2023 SIR JINX decided to hire an attorney to address the situation by filing this case.

## GENERAL ALLEGATIONS

16. This has been a long-standing case in the California legal system yet it is a simple case regarding Defendant HUSTLE failure to adhere to honest interactions with the Plaintiff SIR JINX.

17. SIR JINX is a songwriter and record producer that has his own discography whereby he composes, makes beats and tracks for purchase, and produces for credits, monetary payments and royalties.

18. SIR JINX is a musical producer that has a discography that spans decades.

19. Herein, SIR JINX asserts that he produced the song "*Dope*" for the Defendant thereby earning the entitlement to receive an accounting regarding profits and royalties for this listed song.

20. In 2016, SIR JINX wrote, produced and registered this song with Goonz Skwad, LLC.

21. Years after, SIR JINX discovered his song being played and distributed throughout the international stream of commerce.

22. In and around October 2022, via counsel, Plaintiff SIR JINX informed Defendant HUSTLE that there was an issue regarding the failure to secure an agreement to use his intellectual property and that he never authorized the parties to utilize his production.

23. Most notably, SIR JINX discovered that the song was subsequently released by Universal Music Group "UMG" (with writing credits attributed to Andre Young, Anthony Wheaton aka SIR JINX, Clifford Harris, Eric Seats, Marsha Ambrosius, Rapture Stewart and Stephen Garrett).

24. Moreover, SIR JINX has and possesses evidentiary list of derivative works using the same production and music wrongfully appropriated from our client for which he is entitled recompense.

25. In fact, the issue is the Defendant HUSTLE failed to get authorization from SIR JINX for the use of his music despite knowing that SIR JINX was the composer and owner of the intellectual property.

26. In this case, SIR JINX, through counsel sent a letter of demand regarding the royalties issued on November 11, 2022.

27. Thereafter, starting on November 11, 2022, to date, SIR JINX's counsel attempted to discuss the issue with Defendant HUSTLE through emails regarding discussions and materializing the accounting requested by SIR JINX.

28. To date Defendant HUSTLE failed to provide a proper response to the demand.

29. SIR JINX, simply, wanted an accounting to be distributed for his purview of his song *Dope* and monies made and obtained from the use of said song.

30. To date, Defendant HUSTLE failed to provide said accounting despite the many promises regarding obtaining the accounting for SIR JINX.

31. SIR JINX has waited years for a response from HUSTLE to rectify the situation.

32. Plaintiff SIR JINX has attempted to be patient but after Defendant HUSTLE failed to provide compensation, SIR JINX filed this case to assert the financial damages he incurred due to HUSTLE's disregard and breach of contract.

33. Thus, there is an issue regarding the failure to request use of Plaintiff's and track while failing to compensate SIR JINX the owner of said productions.

34. In fact, the issue is the HUSTLE, and each of them failed to notify and obtain authority from SIR JINX for the use of his music despite knowing that SIR JINX was the author and composer.

35. To date, Defendant HUSTLE has failed to provide said payments, royalties and accountings to justify the use of SIR JINX's copyrights and musical intellectual property.

36. Given the past history between the parties and to date, SIR JINX files this case to assert the financial damages he incurred due to the HUSTLE's converting and disregard of said conversion conduct.

## FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT

37. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through thirty-six (36) as though fully set forth hereafter.

38. California Federal Courts states, "Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders..."*A&M RECORDS, INC. v. Napster, Inc.,* 239 F. 3d 1004, 1013 (2001).

39. Here, Defendant HUSTLE, know or should have known that the Plaintiff SIR JINX owned the music.

40. SIR JINX asserts that the tracks and music used by Defendant HUSTLE is using his music at cost and knows that Plaintiff SIR JINX has a layman's copyright despite this knowledge Defendants used Plaintiff's beat and music in *Dope* song.

41. Defendant HUSTLE definitely has monetarily profited of SIR JINX's produced song *Dope* which was coupled with an overlay in the *Dope* Song.

42. However, Defendant HUSTLE's continual use of the *Dope* Song without compensating SIR JINX.

43. Defendant knew and are fully aware that SIR JINX created the *Dope* track which Defendant HUSTLE used without authorization from SIR JINX.

44. Yet Defendant HUSTLE continually enjoys the use of the *Dope* song with refusal to properly compensate and provide an accounting in this matter.

45. Defendant HUSTLE's acts, omissions, representations and copyright infringement were a substantial factor in causing financial harm to SIR JINX.

SALAZAR EVANS LLP
117 EAST COLORADO BOULEVARD
PASADENA, CALIFORNIA 91105

46. As a result of Defendant's failure to pay, failing to provide an accounting and converting acts, Plaintiff has been damaged and has suffered damages in an amount in excess of $100,000.00.

## SECOND CAUSE OF ACTION
### CONVERSION

47. Plaintiff refers to and references paragraphs one (1) through forty-six (46) as though fully set herein.

48. SIR JINX asserts that Defendant HUSTLE wrongfully exercised control over his music and tracks, which is personal property.

49. "Conversion is the wrongful exercise of dominion over the property of another." *Lee v. Hanley* (2015) 61Cal.4th 1225, 1240.

50. "The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Id*.

51. Furthermore, herein, SIR JINX asserts that HUSTLE, and each of them, wrongfully exercised control over SIR JINX's tracks, production and creation of music for HUSTLE.

52. That SIR JINX is the owner, creator and possessor of several tracks being used to date and definitely his personal property was taken, stolen coupled with unauthorized use of the track in this case.

53. That HUSTLE, and each of them, substantially interfered with SIR JINX's property by knowingly using tracks without any permission or compensation to SIR JINX.

54. That Defendant HUSTLE, and each of them, unlawfully engaged in the following acts:

   A. Unlawfully talking possession of SIR JINX's songs, including *Dope*;

   B. Unlawfully using and distributing SIR JINX's songs, including *Dope* and

      C.   Unlawfully failing to acknowledge and pay SIR JINX for songs, including *Dope*.

55. That SIR JINX did not agree nor consent to any of these actions.

56. That SIR JINX definitely did not agree to the use of songs, the *Dope* song, without proper compensation.

57. That Defendant HUSTLE's conversion of his music and multiple tracks, SIR JINX was financially harmed, significantly, due to the HUSTLE's callous acts.

58. It is clear Defendant HUSTLE caused significant financial harm because the harm rendered to SIR JINX is similar to prior acts between the parties, which again is an attempt to cause SIR JINX's financial harm.

59. In this case, HUSTLE acted negligibly and in reckless disregard of the probability that SIR JINX would suffer financial distress.

60. HUSTLE's conduct was a substantial factor in causing SIR JINX's financial harm and damages.

61. HUSTLE's conduct was the proximate cause of SIR JINX's financial harm and damages.

62. That SIR JINX incurred severe financial damages from HUSTLE, and each of them included its employees and staff members' acts and omissions in this matter.

63. HUSTLE acted maliciously and oppressively negligently, in reckless and careless disregard for Plaintiff SIR JINX's rights causing SIR JINX harm.

64. HUSTLE converted tracks by failing to adequately to receive permission to use SIR JINX tracks, productions and creations as well as properly paying SIR JINX.

65. HUSTLE's aforementioned acts and omissions are a direct, proximate, and foreseeable result of HUSTLE' conversion, SIR JINX has incurred compensatory

SALAZAR EVANS LLP
117 EAST COLORADO BOULEVARD
PASADENA, CALIFORNIA 91105

damages in an amount to be proven.

66. As a result of Defendant HUSTLE's failures to acknowledge and pay the royalties coupled with the converted use of the discography, Plaintiff has been damaged and has suffered damages in an amount in excess of $800,000.00.

67. As a substantial, direct and proximate result of HUSTLE's conduct, Plaintiff SIR JINX suffered general damages in an amount to be determined by proof at trial.

### THIRD CAUSE OF ACTION
### BREACH OF GOOD FAITH AND FAIR DEALING

68. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through sixty-seven (67) as though fully set forth hereafter.

69. California Courts opine that ""[t]he covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 349-350.

70. That HUSTLE failed to engage in the covenant of good faith and fair dealing due to the Agreement between the parties.

71. Defendant HUSTLE had a duty to act in good faith and fair-dealing in performing their obligations under normal entertainment practices which definitely include payments for samples and owned music.

72. Obviously, SIR JINX created several tracks which were used, syndicated and distributed his own music.

73. However, each and every Defendant HUSTLE failed to perform in accordance with the terms and agreement by failing to provide payment for use, royalties as well as an accounting to Plaintiff SIR JINX for the use of his songs, including *Dope*.

74. HUSTLE recklessly refused and continuously continues to refuse to perform pursuant to the terms of the agreement presumably so each DEFENDANT can fraudulently maximize and receive monetary profits, monies and all other benefits

while SIR JINX remains uncompensated for his songs, including *Dope.*.

75. HUSTLE, and each of them, have failed to make reasonable efforts to perform their obligations owed to SIR JINX because HUSTLE have yet to provide an accounting and compensation for use as well as any royalty payment.

76. HUSTLE has purposefully acted in bad faith thus negating any good faith and fair dealing which is directly detrimental to SIR JINX.

77. HUSTLE has failed to exercise good faith by converting tracks and songs for its own use and benefit.

78. HUSTLE's failure to pay compensation and provide an accounting unfairly frustrates SIR JINX's right to receive the benefits for his tracks, beats and song that is being sold and played frequently on radio, streaming platforms and social media networks.

79. HUSTLE intentionally absconded from providing compensation, an accounting as well as paying royalties, which is definitely a breach and unfair; thus, SIR JINX is being litigiously prejudiced every day that this issue fails to be redressed by the HUSTLE.

80. HUSTLE's breach of good faith and fair dealing resulted in SIR JINX incurring and will continue to incur damages and related expenses.

81. As a result of HUSTLE's breach of good faith and fair dealing, Plaintiff has been damaged and suffered damages in an amount in excess of $800,000.00.

### FOURTH CAUSE OF ACTION
#### UNJUST ENRICHMENT

82. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through eighty-one (81) as though fully set forth hereafter.

83. California Courts have differing opinions for unjust enrichment, nonetheless, SIR JINX asserts a claim for unjust enrichment relying upon the Mohebbi opinion that "a 'quasi-contract claim seeking restitution.'" *Mohebbi v. Khazen* (2014) 50

F.Supp.3d 1234, 1260.

84. Here, Defendant HUSTLE, and each of them, have obtained benefits by profiting from SIR JINX's tracks, beats and song when HUSTLE receives payments from either being played, streamed, purchased or used in any form.

85. SIR JINX asserts that HUSTLE is receiving an undisclosed profit that HUSTLE fail to reveal in order to continue receiving the financial benefits of SIR JINX's tracks and music.

86. The Peterson Court states, "[t]he elements of an unjust enrichment claim are the 'receipt of a benefit and [the] unjust retention of the benefit at the expense of another.'" *Peterson v. Cellco Partnership* (2008) 164 Cal.App.4th 1583, 1593 (quoting *Lectrodryer v. SeoulBank* (2000) 77 Cal.App.4th 723, 726).

87. Defendant HUSTLE definitely has monetary profit for SIR JINX's produced tracks and songs.

88. However, HUSTLE is withholding all of the profits which denied SIR JINX his proper compensation and royalties; that is unjust enrichment.

89. Plainly, HUSTLE has received financial benefits at the expense of SIR JINX, who has failed to receive proper payment for HUSTLE' use of Plaintiffs' music.

90. Defendant HUSTLE knew and are fully aware that SIR JINX created music which HUSTLE used and is using without authorization from SIR JINX.

91. Yet HUSTLE continually enjoys the benefit of their conversion and refuses to properly compensate and provide an accounting in this matter.

92. It is clear that Defendants HUSTLE and each of them have received enrichment to SIR JINX's detriment thereby demonstrating unjust enrichment.

93. HUSTLE ' acts, omissions, representations and conversion were a substantial factor in causing financial harm to SIR JINX.

94. As a result of HUSTLE's failure to pay, failing to provide an accounting and

converting acts, Plaintiff has been damaged and has suffered damages in an amount in excess of $800,000.00.

## FIFTH CAUSE OF ACTION
### AN ACCOUNTING

95. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through ninety-four (94) as though fully set forth hereafter.

96. California Courts state, "[a] cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179.

97. Moreover, the *Teselle* Court states "[a]ll that is required is that some relationship exists that requires an accounting. The right to an accounting can arise from the possession by the defendant of money or property which, because of the defendant's relationship with the plaintiff, the defendant is obliged to surrender. *Id*. at 179-180. (referencing *Kritzer v. Lancaster* (1950) 96 Cal.App.2d 1, 7)

98. Currently, SIR JINX is unaware of the profits made from discography that were underplayed and refused yet used which is necessary in order to demand a certain amount regarding the unpaid compensation and royalties.

99. Here, Defendant HUSTLE and each of them currently possess monies due and owing to Plaintiff SIR JINX.

100. A review of the accounting is necessary in this case in order for SIR JINX to make a proper damage calculation in this case, which should and will be complete during the discovery process.

101. It is clear that Defendant HUSTLE has placed SIR JINX in a precarious situation thereby requiring legal interventions to rectify and provide redress for this matter.

102. As a result of Defendant HUSTLE's failure to provide an accounting, Plaintiff SIR JINX has been damaged and has suffered damages.

**WHEREFORE**, Plaintiff, ANTHONY WHEATON aka SIR JINX, prays for judgment against HUSTLE as follows:

1. For general damages according to proof;
2. For loss of royalty earnings according to proof;
3. For damages due to the two-year delay according to proof;
4. For compensatory expenses according to proof;
5. For costs of suit herein incurred;
6. For post judgment interest and
7. For such other and further relief as the court may deem just and proper.

Respectfully Submitted,

DATED this day 14th April, 2025.

**THEIDA SALAZAR, ESQ.**
**JONATHAN D. EVANS, ESQ.**
**SALAZAR EVANS LLP**
117 E. Colorado Boulevard
Pasadena, California  91105
P: 626.345.5402
E: salazar@salazarevanslaw.com
E: evans@salazarevanslaw.com

*Attorneys for Plaintiff*